**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK DEL GROSSO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26cv874 |
| | ) | **Electronic Filing** |
| **HY-VEE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 26th day of October, 2026, upon due consideration of defendant's motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [10] the motion be, and the same hereby is, denied.

Defendant's motion is not without force. And it has been examined thoroughly and critically. But in the end, we are persuaded that the record is not so clear that the court can resolve the parties' dispute as a matter of law. In other words, the motion seeks to have the court decide amongst competing versions of the contract that governs the parties' employment relationship, which is of course beyond the court's authority under the standards governing the review of a motion to dismiss. And although defendant's version raises an intriguing question as to whether plaintiff will generate sufficient evidence to support his breach of contract and related claims, the Supreme Court has cautioned against permitting a claim that has been stated sufficiently under Twombly's plausibility standard to be defeated by such doubt or concern.

The confluence of these principles was aptly captured by Judge Matey in Doe v. Princeton University, who opined for the panel:

> Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. USciences, 961 F.3d at 208 (quoting Burlington, 114 F.3d at 1426). Because the Panel Report was "integral to" and "explicitly relied upon in the [C]omplaint," consideration is appropriate. But consideration only goes so far. When

> the truth of facts in an "integral" document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.
>
> To see why, start with Twombly and Iqbal. They direct courts to "accept[ ] as true" the factual assertions of a complaint. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. This guidance remains "even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955). The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment. See Flora v. Cnty. of Luzerne, 776 F.3d 169, 175–76 & n.9 (3d Cir. 2015).

Doe, 30 F.4t 335, 342 (3d Cir. 2022). The same result follows here.[1] So defendant's motion to dismiss must be denied and the issues raised deferred for further development of the record.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: A. Patricia Diulus-Myers, Esquire
Theodore A. Schroeder, Esquire

(*Via CM/ECF Electronic Mail*)

---

[1] And of course, the fact that the written contract on which defendant stakes its position does not purport to be "integrated" adds additional support for the disposition reached herein.